```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

TERRY LEE SCOTT,

        Plaintiff,

v.                           Case No. 8:14-cv-1620-T-33TGW

PATRICK R. DONAHOE, POSTMASTER
GENERAL OF THE UNITED STATES
POSTAL SERVICE,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to the Government's Motion to Dismiss (Doc. # 39), which was filed on March 16, 2015. Plaintiff Terry Lee Scott filed a Response in Opposition to the Motion on March 31, 2015. (Doc. # 40). For the reasons that follow, the Court dismisses Count III of the Amended Complaint and stays and administratively closes the case pending resolution of Scott's appeal before the Merit Systems Protection Board ("MSPB").

**I.**   **Background**

Scott, a former employee of the United States Postal Service, filed her pro se Complaint against the Government on July 2, 2014. (Doc. # 1). Scott alleged "[v]iolation of the 1973 Rehabilitation Act, American with Disabilities Act, EEOC Regulations. Title 29, Code of Federal Regulations. The Civil Rights Act of 1964 and American Postal Workers Union,

Collective Bargaining Agreement 2010-2015 and National Labor Relations Act." (Id. at ¶ 1).

On December 23, 2014, Scott retained counsel. (Doc. # 18). On January 30, 2015, the Court entered its Case Management and Scheduling Order, which established March 30, 2015, as the deadline for amending pleadings, scheduled a pretrial conference for March 10, 2016, and set the case for a jury trial during the Court's April 2016 trial term. (Doc. # 30).

With the assistance of counsel, Scott filed a timely Amended Complaint on March 2, 2015, which encompasses the claims raised in her initial Complaint as well as claims raised in the parallel action of Scott v. Donanoe, No. 8:14-cv-2746-T-33EAJ. (Doc. # 38). Specifically, the Amended Complaint asserts the following claims: Count I (Rehabilitation Act - Feet, Knees, and Ankles); Count II (Rehabilitation Act - Diabetes); Count III (Breach of Collective Bargaining Agreement); and Count IV (Rehabilitation Act - Retaliation). Upon the filing of the Amended Complaint in this action, the Court dismissed the parallel action. (See 8:14-cv-2746-T-33EAJ Doc. # 12).

At this juncture, the Government seeks dismissal of the Amended Complaint pursuant to Federal Rules of Civil Procedure

2

12(b)(1) and 12(b)(6).

## II. Legal Standard

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

3

Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

**B.     Rule 12(b)(6)**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

4

Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

In response to the Motion to Dismiss, Scott acknowledges that Count III, for violation of the Collective Bargaining Agreement, is subject to dismissal. Scott specifically indicates that, because she "did not file a grievance, she concedes that she lacks standing to bring a breach of the CBA." (Doc. # 40 at 1). The Court accordingly grants the Motion to Dismiss as to Count III, as Scott lacks standing to bring that claim.

Turning to Scott's Rehabilitation Act claims arrayed in Counts I, II, and IV, the Court determines that it is appropriate to stay, rather than dismiss, these claims. Although the Government seeks dismissal of the action, the Government explains that "every count in the first amended complaint incorporates allegations about constructive termination, which are not properly before this Court. The Plaintiff filed her constructive termination claim with the MSPB and, therefore, she must fully exhaust her remember with the MSPB *before* asserting that claim here." (Doc. # 39 at 11)(emphasis added).

5

Scott clarifies in response to the Motion to Dismiss that "this matter [should] be stayed pending the final outcome of the appeal to the MSPB." (Doc. # 40 at 5). The Court acknowledges that the Government opposes a stay of this action; however, the Court determines that a stay, rather than dismissal, is appropriate under the unique circumstances presented. See Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002)(the district court is afforded broad discretion concerning the manner in which it manages the cases before it).

Significant judicial economy concerns are implicated when two independent adjudicative bodies are poised to simultaneously address the parties' claims. In an effort to conserve scarce judicial resources and to avoid inconsistent rulings, the Court stays this action pending the resolution of Scott's proceedings before the MSPB.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Government's Motion to Dismiss (Doc. # 39) is **GRANTED IN PART** to the extent that Count III is dismissed.

---

[1] As argued by Scott, "should the Board reverse and find jurisdiction, then the entire matter will be before the MSPB for determination of constructive discharge/suspension." (Doc. # 40 at 5).

6

(2) The Clerk is directed to **STAY AND ADMINISTRATIVELY CLOSE** this case pending resolution of Scott's proceedings before the MSPB.

(3) The parties are directed to file a status report with respect to the MSPB proceedings on or before July 1, 2015, and every 90 days thereafter until the MSPB proceedings have concluded. Scott may file a Motion requesting that this action be reopened, if appropriate, after the conclusion of the MSPB proceedings.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>31st</u> day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record