UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY LEE SCOTT,

    Plaintiff,

v.                            Case No. 8:14-cv-1620-T-33TGW

PATRICK R. DONAHOE, Postmaster
General,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant Patrick R. Donahoe's Motion in Limine to Limit Testimony (Doc. # 73), filed on December 10, 2018. Defendant seeks an Order limiting the testimony of Christine Hartman and Geraldine Scott as witnesses. In the Motion, Defendant explains that Plaintiff, Terry Lee Scott, identified Ms. Hartman and Ms. Scott as witnesses in her Rule 26 disclosures and included descriptions of the information known to the two witnesses that Plaintiff might use to support her claims.[1] However, in Plaintiff's opposition to Defendant's Motion for Summary Judgment, Plaintiff included declarations from the witnesses that far exceeded the scope of the information provided in Plaintiff's Rule 26 disclosures. According to Defendant, "Rule 37(c)(1) requires that the testimony of the two

---

[1] Plaintiff is not related to Geraldine Scott.

witnesses be limited to information properly disclosed during discovery." (Doc. # 73 at 1).

Plaintiff, an individual represented by counsel, failed to file a response in opposition to the Motion in Limine within the time parameters of the Local Rules. Local Rule 3.01(b), M.D. Fla., explains, "Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages."

Accordingly, on the present record, this Court considers Defendant's Motion in Limine (Doc. # 73) as an unopposed motion and grants the Motion. Ms. Hartman and Ms. Geraldine Scott's testimony at trial will be limited to the topics properly disclosed in discovery, as outlined below.

For Ms. Geraldine Scott: "Co-worker and EEOC representative for Terry Scott. Will describe automation work; that USPS will not recognize Terry Scott's disability; that OSHA has concluded that automation department was hazardous, involving bending, heavy lifting, and long periods of standing." (Doc. # 69-1 at 2).

For Ms. Hartman: "Saw Andriotis tell Terry Scott that she had to leave; saw him swipe time card and place badge on badge reader as he forced Terry Scott out of the post office." (Id.). Plaintiff also disclosed an October 18, 2014, handwritten memo authored by Ms. Hartman regarding "the walk-off of Terry Scott." (Id. at 4).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Patrick R. Donahoe's Motion in Limine to Limit Testimony (Doc. # 73) is **GRANTED** as an unopposed Motion.

(2) The testimony of Christine Hartman and Geraldine Scott is limited to the topics Plaintiff provided in her Rule 26 disclosures, as set forth above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of January, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE