[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12924
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-01620-VMC-TGW


TERRY LEE SCOTT,

                                                        Plaintiff-Appellant,

versus

POSTMASTER GENERAL UNITED STATES POSTAL SERVICE,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 18, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Scott appeals the district court's denial of her oral motion for a directed verdict and her motion for judgment as a matter of law ("JMOL"), or in the alternative, for a new trial, in favor of the Postmaster General of the United States Postal Service ("USPS"), in an employment discrimination lawsuit filed pursuant to the Rehabilitation Act of 1973 (the "Rehabilitation Act"). Scott argues on appeal that the district court erred in denying her motion for a directed verdict/JMOL and abused its discretion in denying her motion for a new trial because: (1) there was insufficient evidence to support the jury's verdict, and (2) the USPS failed to affirmatively assert an undue hardship defense. We address each argument in turn.

I.

Scott first argues that the district court erred in failing to grant her post-judgment motion for JMOL because no reasonable jury could find other than that USPS had a reasonable accommodation available for Scott and retaliated against her (on account of her protected activity) by failing to provide such accommodation. We review a district court's decision regarding a Fed. R. Civ. P. 50(a) motion for JMOL *de novo*, considering all the evidence in the light most favorable to the non-moving party. *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). We review the denial of a Rule 59(a) motion for a new trial for an abuse of discretion. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241,

1255 (11th Cir. 2016). We consider a motion for JMOL and a motion for new trial together, although the standards of review are different. *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999). In *Dudley*, we found that:

> A judgment as a matter of law will be granted where a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party [and a] motion for a new trial may be granted if the district court judge believes the verdict rendered by the jury was contrary to the great weight of the evidence. Because a less stringent standard applies to a motion for a new trial than to a motion for judgment as a matter of law, failure to meet the former standard is fatal to the latter.

*Id.* (quotation marks and citations omitted).

Federal Rule of Appellate Procedure 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." We "must affirm the district court when an appellant fails to provide all the evidence that the trial court had before it when making various contested evidentiary rulings." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). An appellant "must provide trial transcripts in the appellate record to enable [us] to review challenges to sufficiency of the evidence." *Id.*

Here, Scott failed to provide a trial transcript for appellate review. Thus, we are unable to consider whether the district court erred in denying her motion for JMOL or abused its discretion when it denied her motion for a new trial based on

3

its determination that the jury's verdict was supported by the evidence presented at trial. Notably, even if the trial exhibits Scott provided showed evidence in her favor, the relevant legal standard is not whether any evidence supports her argument—it is whether a legally sufficient evidentiary basis exists for a reasonable jury to find in favor of USPS. *Dudley*, 166 F.3d at 1320 n.3. Because Scott did not provide the trial transcripts necessary to make that determination, we must affirm the district court. *See Loren*, 309 F.3d at 1304; *see also* Fed. R. App. P. 10(b)(2).

As to Scott's arguments regarding violations of the collective bargaining agreement ("CBA"), there was no viable claim under the CBA in this case—as she admitted in her response to USPS's motion to dismiss—much less a CBA claim presented at trial. Further, Scott was not laid off or subjected to a reduction in force—she lost the bid for the position she wanted in 030 and was not capable of performing the residual bid positions. Thus, her arguments regarding CBA violations fail. Accordingly, we affirm as to this issue.

## II.

Second, Scott argues that undue hardship is an affirmative defense which the USPS failed to plead and failed to present to the jury, and in the absence of a showing that it would have been an undue hardship for USPS to accommodate Scott, she was entitled to judgment as a matter of law. In reviewing the denial of a

motion for JMOL, we "consider whether such sufficient conflicts exist in the evidence to necessitate submitting the matter to the jury or whether the evidence is so weighted in favor of one side that that party is entitled to succeed in his or her position as a matter of law." *Abel*, 210 F.3d at 1337.  The non-moving party must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts. *Id.*  "[A] motion for judgment as a matter of law will be denied only if reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Id.* (quotation marks omitted).  We have the authority to affirm on any other adequate grounds. *Id.* at 1338.

Title I of the Americans with Disabilities Act ("ADA") prevents covered private employers from discriminating against a qualified individual with a disability regarding the discharge of employees. *See* 42 U.S.C. § 12112(a).  To establish a *prima facie* case of disability discrimination under Title I of the ADA, a plaintiff must prove that she: (1) was disabled within the meaning of the Act; (2) was otherwise a qualified individual for the position; and (3) was subjected to unlawful discrimination because of her disability. *See Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

The Rehabilitation Act protects certain individuals from discrimination on the basis of a disability.  29 U.S.C. § 794(a).  To establish a claim under the

Rehabilitation Act, a plaintiff must have been discriminated against by or excluded from a program or activity that receives federal financial assistance. *See id.*; *Lussier v. Dugger*, 904 F.2d 661, 664 (11th Cir. 1990). The standards under Title I of the ADA apply to Rehabilitation Act claims. *See* 29 U.S.C. § 794(d); *see also Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997).

"A person with a disability is otherwise qualified if he is able to perform the essential functions of the job in question with or without a reasonable accommodation." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017) (quotation marks omitted). Under 42 U.S.C. § 12111(9)(B), a reasonable accommodation may include, among other things, "job restructuring, part-time or modified work schedules, reassignment to a vacant position, [or] acquisition or modification of equipment or devices."

An employer must provide a reasonable accommodation for an employee with a known disability unless such an accommodation would result in undue hardship to the employer. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). An accommodation is reasonable, however, only if it allows the employee to perform the essential functions of the job. *Id*. Moreover, "[t]he burden of identifying an accommodation that would allow a qualified employee to perform the essential functions of her job rests with that employee, as does the ultimate burden of persuasion with respect to showing that such accommodation is

6

reasonable." *Id*. at 1367. If a plaintiff cannot prove that an accommodation is reasonable, the employer does not have to investigate a reasonable accommodation or show undue hardship. *Id*. Further, even if a disabled employee is qualified for and capable of performing another existing position, the employer is not required to reassign the employee if there is no vacancy. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1257 (11th Cir. 2001).

In *U.S. Airways, Inc. v. Barnett*, the Supreme Court stated that, typically, an employee fails to prove that a proposed accommodation is reasonable where the employer can show that the proposed accommodation violates seniority rights under a CBA. *See* 535 U.S. 391, 402-03 (2002). It held that this analysis is part of the employee's burden of proving that a reasonable accommodation existed, rather than the employer's burden of establishing undue hardship. *Id*. at 405-06. It held that an employee must first establish that her proposed accommodation—where such accommodation would require an exception to the employer's seniority policy—constitutes a reasonable accommodation. *See id*.

Here, Scott's argument that USPS is liable as a matter of law is legally incorrect. USPS was not required to affirmatively assert undue hardship before Scott proved that there was a reasonable accommodation that USPS could give her. *See Lucas*, 257 F.3d at 1257; *Earl*, 207 F.3d at 1365. The jury found that Scott failed to show that there was an available position that could accommodate her or

that any other reasonable accommodation existed. Further, *Barnett* does not support Scott's argument, because there appeared to be testimony at trial that the accommodation requested by Scott was not possible without conflicting with the CBA's seniority rules. *See Barnett*, 535 U.S. at 405-06. Thus, Scott failed to meet her burden that would have triggered USPS's requirement to show undue hardship. And, as noted above, a claim under the CBA was not presented at trial. Thus, her argument that USPS's failure to accommodate her violated the CBA provides no basis for relief from the judgment. Accordingly, USPS is not liable as a matter of law.

## III.

For the foregoing reasons, we affirm the district court's denials of Scott's motions for JMOL and a new trial.

AFFIRMED.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 18, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-12924-GG
Case Style: Terry Scott v. Postmaster General United Stat
District Court Docket No: 8:14-cv-01620-VMC-TGW

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs